**SUMMONS ISSUED**

**CV-11 4999**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★ OCT 13 2011 ★

LONG ISLAND OFFICE

————————————————————X

Steven Denicola

**Plaintiff**

Docket No.

SPATT, J
BOYLE, M

-against-

United Recovery Systems, LP

**Defendant**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**TRIAL BY JURY DEMANDED**

————————————————————

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendants respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. Plaintiff is suing the Defendant debt collector because the Defendant has used deception and harassment in an attempt to collect an alleged debt from the Plaintiff.

2. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d); 28 U.S.C Section 1331 and or 18 U.S.C. Section 1337. Venue in this District is proper in that the Defendant transacts business here; and the conduct that is the subject of this complaint occurred here.

## III. PARTIES

4. Plaintiff, Steven Denicola is a natural person residing in the State of New York. Plaintiff is a consumer as defined by the FDCPA.

5. Defendant United Recovery Systems, LP. (hereinafter "URS") is a business engaged in collecting debts in this state. The principal purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

6. The alleged debt of Plaintiff was incurred for personal, family, or household services in that it was a debt alleged to be owed for a consumer credit card that was used exclusively for personal purposes. No part of the debt was incurred for business purposes.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff repeats paragraphs "1" through "6" as if fully restated herein.

8. The Defendants allege that the Plaintiff owes a consumer debt (the debt) to a company called American Express ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services.

9. At some point unknown to Plaintiff, Defendant alleges to have acquired the legal right to collect the alleged debt. Plaintiff has had no business relationship with Defendant

and is not aware of any documents establishing Defendant's alleged right to attempt to collect the alleged debt.

10. On October 15, 2010, Defendant URS telephoned the Plaintiff and utilized machinery that falsely indicated to the Plaintiff that the telephone call was coming from someplace within the (516) telephone area code. When the Defendant telephoned the Plaintiff, the Plaintiff's "caller ID" unit falsely indicated that the call was originating from some place within the (516) area code. The Defendant representatives were not located within the (516) area code when calling. The "caller ID" message that Defendant caused to be transmitted to Plaintiff did not meaningfully disclose the Defendant's identity to the Plaintiff, but instead attempted to deceive the Plaintiff into believing that the call was coming from someone other than an out-of-state debt collector. The Defendant's use of this machinery was deceptive in that the Defendant does not reside or have offices within the (516) area code. The defendant's actions violate 15 USC 1692e; 15 USC 1692e(10); 15 USC 1692e(14); 15 USC 1692d; 15 USC 1692d(6); and 15 USC 1692f.

11. The Defendant's automatic telephone dialer system contains a function that projects a false caller ID number onto the callee's Caller ID unit. The Defendant utilized this dialer function and projected a false caller ID number onto the Plaintiff's Caller ID display. The number projected began with a (516) area code and was projected by Defendant's dialer to give the Plaintiff the false impression that the Defendant was located physically close to the Plaintiff.

12. Additionally, on information and belief the Defendant telephoned relatives and neighbors without the Plaintiff's consent.

## V. CAUSES OF ACTION UNDER THE FDCPA

13. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

14. The acts and omissions of the Defendant as described herein violate several provisions of the FDCPA including but not limited to the following:

A. Defendant violated 15 U.S.C Section 1692e;

B. Defendant violated 15 U.S.C. Section 1692e(14)

C. Defendant violated 15 U.S.C. Section 1692e(10)

D. Defendant violated 15 U.S.C. Section 1692d

E. Defendant violated 15 U.S.C. Section 1692d(6) and

F. Defendant violated 15 U.S.C. Section 1692f; and

G. Defendant violated 15 U.S.C. Section 1692c(b).

## VI. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

15. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

16. Defendant's actions as detailed above violate the New York General Business Law Section 349 et seq. in that the Defendant URS utilized machinery that falsely indicated to the Plaintiff that the telephone call was coming from someplace within the (516) telephone area code. When the Defendant telephoned the Plaintiff, the Plaintiff's "caller ID" unit falsely indicated that the call was originating from some place within the (516) area code. The Defendant representatives were not located within the (516) area code when calling. The "caller ID" message that Defendant caused to be transmitted to

Plaintiff did not meaningfully disclose the Defendant's identity to the Plaintiff, but instead attempted to deceive the Plaintiff into believing that the call was coming from someone other than an out-of-state debt collector

17. Defendant is a national debt collection company that collects debt from hundreds if not thousands of New York consumers each year. As such, the deceptive practices alleged herein have a broad impact on New York consumers at large.

18. The Defendant's actions violated the Plaintiff's rights and caused the Plaintiff damage in the form of invasion of the Plaintiff's privacy.

19. The Plaintiff requests that the Court issue an injunction prohibiting the Defendants from telephoning the Plaintiff and New York consumers, and causing deceptive information to appear on the Plaintiff's caller ID unit.

**WHEREFORE,** Plaintiffs respectfully requests that judgment be entered against Defendant, for the following:

1. An injunction as described herein;

2. Actual damages;

3. Statutory damages;

4. Costs and reasonable attorney's fees;

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (8295)
306 McCall Ave.
West Islip, NY 11795
631-669-0921
631-669-5071 (fax)

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff demands trial by jury in this action.

_____
Attorney for Plaintiff